**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Jennifer Forward, | : |
| Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| Cohen & Slamowitz, L.L.P.; and DOES 1-10, inclusive, | : **COMPLAINT** |
| Defendants. | : |

For this Complaint, the Plaintiff, Jennifer Forward, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.      The Plaintiff, Jennifer Forward ("Plaintiff"), is an adult individual residing in East Bethany, New York, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      The Defendant, Cohen & Slamowitz, L.L.P. ("Cohen & Slamowitz"), is a New York business entity with an address of 199 Crossways Park Drive, P.O. Box 9004, Woodbury,

New York 11797-9004, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by Cohen & Slamowitz and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      Cohen & Slamowitz at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.  The Debt

8.      The Plaintiff allegedly incurred a financial obligation in the approximate amount of $3,800.00 (the "Debt") to a Capital One Bank, N.A. (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.      The Debt was purchased, assigned or transferred to Cohen & Slamowitz for collection, or Cohen & Slamowitz was employed by the Creditor to collect the Debt.

11.      The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B.  Cohen & Slamowitz Engages in Harassment and Abusive Tactics

12.      Around March 2012, Defendants contacted plaintiff's 12-year-old son at his cellular telephone and asked to speak to Plaintiff.

13.      Plaintiff informed Defendants that they had called her son's cellular telephone and requested that Defendants do not place calls to her child again.

14.      After Plaintiff had confirmed her identity, she asked Defendants to identify

2

themselves.

15.     Defendants failed to do so and failed to inform Plaintiff that the communication was an attempt to collect a debt and everything Plaintiff said would be used for that purpose.

16.     Plaintiff asked Defendants to identify themselves on several more occasions during that conversation.

17.     Nonetheless, Defendants failed to do so and proceeded to inform Plaintiff that the call concerned a delinquent account. Defendants requested that Plaintiff provide an alternative number for Plaintiff.

18.     Considering that fact that the caller would not provide his identity Plaintiff refused to do so and terminated the call.

19.     Thereafter, Defendants proceeded to place up to 2 calls a week to Plaintiff's children's cellular telephones in an attempt to reach Plaintiff.

20.     On or around July 3, 2012, Plaintiff received 2 letters from Defendants stating that Plaintiff had an outstanding balance with Capital One.

21.     Shortly thereafter, via facsimile, Plaintiff disputed the validity of the Debt with Defendants and requested that Defendants cease attempts to collect same.

22.     Defendants failed to validate the Debt and on or around August 1, 2012, Defendants filed a civil action against Plaintiff in the Supreme Court of the State of New York.

23.     On or around September 18, 2012, defendants obtained an Affidavit of Service reflecting that Plaintiff's co-tenant Dawn had accepted Summons and Complaint on behalf of Plaintiff at 5099 W Lake Road, Geneseo, New York.

24.     Plaintiff has not resided at the above address since May 31, 2012. Plaintiff is able to provide an affidavit from her current landlord stating that she had been residing in Bethany,

New York since June 1, 2012.

      25.     In October 2012, upon having received a copy of the Summons and Complaint from Defendants, Plaintiff contacted Defendants and informed them that she had not been served with any paperwork and had not resided at 5099 W Lake Road, Geneseo, New York since May 31, 2012.

      26.     Plaintiff also requested that Defendants provide her with Debt verification.

      27.     Defendants informed Plaintiff that following Plaintiff's dispute of the Debt the lawsuit would be suspended and stated that Defendants would send Plaintiff Debt verification.

      28.     However, Defendants failed to do so.

      29.     During one of the telephone conversations with defendants Plaintiff informed Defendants that she used her cellular telephone for her work as a counselor for people with disabilities and requested that defendants contact Plaintiff after business hours.

      30.     Despite the foregoing, Defendants contacted Plaintiff at her cellular telephone during business hours at least on one occasion.

      31.     On or around October 15, 2012, during a telephone communication, Defendants' collector told Plaintiff to "please shut up and listen".

      32.     The collector went on: "Your tears are not doing anything for your case."

**C.  Plaintiff Suffered Actual Damages**

      33.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

      34.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

35.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

36.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37.     The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

38.     The Defendants' conduct violated 15 U.S.C. § 1692c(b) in that Defendants communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau.

39.     The Defendants' conduct violated 15 U.S.C. § 1692c(c) in that Defendants contacted the Plaintiff after having received written notification from the Plaintiff to cease communication.

40.     The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

41.     The Defendants' conduct violated 15 U.S.C. § 1692d(6) in that Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency.

42.     The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

43.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants

5

employed false and deceptive means to collect a debt.

44.     The Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to inform the consumer that the communication was an attempt to collect a debt.

45.     The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

46.     The Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law.

47.     The Defendants' conduct violated 15 U.S.C. § 1692g(b) in that Defendants continued collection efforts even though the Debt had not been verified.

48.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

49.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II

### VIOLATIONS OF NEW YORK GBL § 349
### ENGAGING IN UNLAWFUL DECEPTIVE PRACTICES AND ACTS

50.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

51.     The acts, practices and conduct engaged in by the Defendants and complained of herein constitute "deceptive acts and practices" within the meaning of Article 22A of the General Business Law of the State of New York, NY GBL § 349.

52.     The Defendants willfully and knowingly engaged in conduct constituting deceptive acts and practices in violation of NY GBL§ 349.

53.     The Plaintiff has suffered and continues to suffer actual damages as a result of the

foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants.

54.     By virtue of the foregoing, the Plaintiff is entitled to recover actual damages, trebled, together with reasonable attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

1.   Against the named the Defendants, jointly and severally, awarding the Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2.   Against each of the named the Defendants, awarding the Plaintiff statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3.   Against the named the Defendants, jointly and severally, awarding the Plaintiff actual damages, trebled, pursuant to NY GBL § 349;

4.   Against the named the Defendants, jointly and severally, awarding the Plaintiff recovery of the costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

5.   Against the named the Defendants, jointly and severally, awarding the Plaintiff punitive damages in such amount as is found appropriate; and

6.   Granting the Plaintiff such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: December 11, 2012

Respectfully submitted,

By _____

Sergei Lemberg (SL 6331)
LEMBERG & ASSOCIATES L.L.C.
300 International Drive, Suite 100
Williamsville, NY 14221
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiff